UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN OLEKSAK,

        Plaintiff,

v.                                                         Eastern District Case No. 2:19-cv-01167

GATEWAY TECHNICAL COLLEGE,               **Former Circuit Court for Kenosha County**

        Defendant.                                         **Case No. 19-CV-0674**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendant Gateway Technical College ("Gateway" or the "College") by its attorneys, Quarles & Brady LLP, hereby removes this case to the United States District Court for the Eastern District of Wisconsin. The grounds for removal are as follows:

1. On or about June 7, 2019, Plaintiff Glenn Oleksak ("Oleksak") filed a Complaint in the Circuit Court for Kenosha County, Wisconsin, Case No. 19-CV-0674, naming Gateway as the sole Defendant. A copy of the Plaintiff's Complaint is attached hereto as <u>Exhibit A</u>.

2. Without identifying any purportedly applicable federal law, the Complaint alleged that Gateway "violated the rights of the plaintiff to due process of the law" by suspending him for academic misconduct without proper notice and in a manner that was not consistent with its internal procedures. (Ex. A at pp. 1-2, ¶¶ 3-4 and p. 4, ¶ 1). The Complaint demands judgment in the form of: (i) "a declaration that the defendant has violated the plaintiff's rights;" (ii) immediate reinstatement; (iii) "[t]hat the suspension from Gateway Technical College be expunged from his record and his final grade of B- be posted on his official transcript"; and (iv) "that [Defendant] pay damages and attorney's fees to the plaintiff." (Ex. A at pp. 4-5). The

1

QB\58661390.2

Complaint sets forth no claims other than Plaintiff's allegation that Defendant "violated [his] rights…to due process of the law."

3. On June 27, 2019, Gateway filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Gateway's motion to dismiss addressed the Complaint's numerous deficiencies, including that Plaintiff had not provided Gateway with a state required notice of claim prior to filing his lawsuit and failed "to allege any law, much less any legal authority whatsoever, that would allow the Court (or Gateway) to surmise the basis for Plaintiff's 'due process' theory."

4. On July 16, 2019, Plaintiff filed a response to Defendant's motion to dismiss ("response"), a copy of which is attached as <u>Exhibit B</u>. Plaintiff's response contends for the first time that his Complaint should be "construed as a claim under the Civil Rights Act 42 U.S.C. § 1983," and is therefore sufficient because "[f]ederal law preempts th[e] State notice requirement" and protects his "due process right as [a] student." (Ex. B at pp. 2-4). Plaintiff's response expressly acknowledges that "the Complaint does not cite 42 U.S.C. § 1983." *Id.* at p. 3.

5. Since Plaintiff filed his July 16 response, there have been no further proceedings for this matter in the Circuit Court for Kenosha County.

6. Removal to this Court is timely under 28 U.S.C. § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

7. The basis for Plaintiff's claims could not be ascertained from the Complaint. Indeed, the Complaint neither cite § 1983 (as Plaintiff admits in his response) nor any other

federal statute or legal authority giving rise to Plaintiff's claims. Removal based on the face of the Complaint therefore was premature because a "defendant is powerless to introduce grounds for removal into a plaintiff's complaint on [its] own." *Jackson Cnty Bank v. Dusablon*, 2018 WL 7204225 (S.D. Ind. June 7, 2018).

8. It was not unequivocally apparent that this case was removable until *after* Gateway received Plaintiff's response to its motion to dismiss wherein Plaintiff asserted for the first time that the Complaint should be "construed" as a claim under § 1983 (despite its failure to actually cite § 1983). Accordingly, Gateway has not waived its right to removal. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823–24 (7th Cir. 2013) ("the defendant's actions in state court can waive the right of removal *only* where it is *unequivocally apparent* that the case is removable at the time those actions were taken") (emphasis added); *Jackson Cnty Bank*, 2018 WL 7204225 at *6 ("the filing of a motion to dismiss in the state court does not constitute a waiver of the right to remove…[and] absent some 'extreme situation' like fully trying the state court case on the merits, the right to remove cannot be waived").

9. Removal to this Court is proper because the Eastern District of Wisconsin encompasses Kenosha County, where this action was filed. 42 U.S.C. § 1441(a). Further, this Court has original jurisdiction over Plaintiff's § 1893 claims under 28 U.S.C. § 1331. Accordingly, Gateway is entitled to remove this suit because the action against it states a federal question. *See* 28 U.S.C. § 1441(b).

10. The undersigned certifies that a copy of this Notice of Removal has been filed with the Circuit Court for Kenosha County and served on the Plaintiff contemporaneous with its filing with this Court, as required by 28 U.S.C. § 1446(d).

3

WHEREFORE, Gateway removes this action from the Circuit Court for Kenosha County to this United States District Court for the Eastern District of Wisconsin.

Dated: August 14, 2019.

        QUARLES & BRADY LLP

        /s/Tyler J. Roth
        Sean M. Scullen, SBN: 1034221
        Lindsey W. Davis, SBN: 1089654
        Tyler J. Roth, SBN: 1104801
        411 East Wisconsin Avenue, Suite 2350
        Milwaukee, WI 53202-4426
        Telephone: 414.277.5765
        Facsimile: 414.978.8303
        E-mail: tyler.roth@quarles.com
        *Attorneys for Defendant*
        *Gateway Technical College*