# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLENN OLEKSAK,

                **Plaintiff,**

      v.                                Case No. 19-CV-1167

GATEWAY TECHNICAL COLLEGE,

                **Defendant.**

## DECISION AND ORDER

**1. Facts and Procedural History**

The present action is before the court on a motion to dismiss by Defendant Gateway Technical College. As such, the court accepts as true the allegations contained in the complaint. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citing *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012)).

Plaintiff Glenn Oleksak was a student at Gateway Technical College. (ECF No. 1-1 at 3.) Dr. Tammi Summers and Zina Haywood, Gateway's Executive Vice President/Provost, held a disciplinary hearing on May 2, 2019, regarding allegations of academic misconduct on the part of Oleksak. (*Id.*) Oleksak was not informed of the

allegations against him until he attended the meeting. (*Id.*) After the hearing, Oleksak was suspended effective May 6, 2019, until the spring semester of 2020. (*Id.*)

"Plaintiff received notification of the suspension in [a] letter of May 6, 2019 which was sent to an erroneous address." (ECF No. 1-1 at 4.) Oleksak's attorney then filed a request for a due process hearing. (*Id.*) Oleksak did not receive notice of the hearing. (*Id.*) Although notice was sent to his student email address, he alleges this was inadequate because he was no longer a student due to the suspension. (*Id.*) Nor did his attorney get notice of the hearing. (*Id.*) Pursuant to Gateway's student handbook, Oleksak had a right to be represented at the hearing. (*Id.*) The hearing was held on June 4, 2019, at 10:30 a.m. (*Id.*) Although the complaint implies that neither Oleksak nor his attorney attended the hearing (given that neither of them had received notice of it), the complaint does not expressly say so. And although the complaint also implies that, after the conclusion of the June 4 hearing the decision to suspend Oleksak was upheld, the complaint does not allege that, either.

Three days after the hearing, on June 7, 2019, Oleksak filed this lawsuit against Gateway in Kenosha County Circuit Court. (ECF No. 1-1 at 3-5.) Oleksak alleged that "[Gateway] violated [his] rights…to due process of the law." (*Id.* at 3.) He claimed "[he] has been damaged" and "demands a declaration that [Gateway] has violated [his] rights[,]" "[a] reinstatement…immediately at Gateway Technical College[,]" "[t]hat the suspension from Gateway Technical College be expunged from his record and his final

2

grade of B- be posted on his official transcript[,]" and "[t]hat Gateway College pay damages and attorney's fees to [him]." (*Id.* at 4-5.)

Gateway filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (ECF No. 14.) In his response, Oleksak stated, "[t]his cause of action can be construed as a claim under the Civil Rights Act 42 U.S.C. § 1983[.]" (ECF No. 16 at 2.) There is no dispute that Gateway is a state actor for the purposes of § 1983. Given Oleksak's statement that his claim was based on federal law, Gateway removed the case to this court based on federal question jurisdiction, 28 U.S.C. § 1331. (ECF No. 1.) Oleksak filed a motion to remand to state court (ECF No. 8), which motion the court denied (ECF No. 13).

All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 9, 12.) Gateway re-filed its motion to dismiss in this court. (ECF No. 14.) Briefing on the motion is complete and the matter is ready for resolution.

## 2. Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A claim satisfies this pleading

3

standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court "accept[s] all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber*, 742 F.3d at 274 (citing *Zemeckis*, 679 F.3d at 634).

While both parties' briefs discuss the merits of Oleksak's due process claim, the court notes that, at the motion to dismiss stage, the only question is whether Oleksak has alleged a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**3. The Complaint**

As noted by Gateway in its reply brief, it is unclear whether Oleksak is alleging only a federal law claim under 42 U.S.C. § 1983 or is also alleging a state law due process claim. (ECF No. 17 at 2.) The complaint alleges that "[Gateway] violated the rights of [Oleksak] to due process of the law…." (ECF No. 1-1 at 3.) In his brief opposing Gateway's motion to dismiss, Oleksak asserts that "the allegations are sufficient to allege a [§] 1983 cause of action." (ECF No. 16 at 3.) But Oleksak also argues that Gateway had "actual notice" of Oleksak's claims (*id.* at 3-4), an argument that is relevant only if Oleksak is asserting a state law claim, because the Supreme Court has held that "notice-of-claim statutes are inapplicable to federal-court § 1983 litigation…." *Felder v. Casey*, 487 U.S. 131, 141 (1988). The court will assume that Oleksak intends to raise both a federal and a state law due process claim.

4

**4. Analysis**

**4.1. Constitutional Law Claim**

"No state shall … deprive any person of … property, without due process of law." U.S. Const. amend. XIV, § 1. "There are two steps to any procedural due process analysis. First, the court must identify the protected property or liberty interest at stake. Second, it must determine what process is due under the circumstances." *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (citing *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003)).

Oleksak's complaint and response to Gateway's motion to dismiss focus on the second step—the process that is due Oleksak. He alleges that Gateway failed to follow the procedures set forth in its handbook. Specifically, he alleges that he had a right to be notified of the accusations against him prior to the first hearing on May 2, 2019, and a right to be notified of the June 4, 2019 hearing and have his attorney present at that hearing. It appears that Oleksak is arguing that he had a constitutional right in the procedures set forth in Gateway's handbook. (ECF No. 1-1 at 3 ("Gateway Technical College suspended the plaintiff, effective May 6, 2019 until the Spring semester of 2020. *In doing so*, the defendant violated the rights of the plaintiff to due process of law.…") (emphasis added).)

However, the Constitution does not require a state to follow its own procedures. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) ("Process is not an end in itself.… The

5

State may choose to require procedures for reasons other than protection against deprivation of substantive rights, … but in making that choice the State does not create an independent substantive right."). "[A] plaintiff does not have a federal constitutional right to state-mandated process." *Charleston*, 741 F.3d at 773. Thus, alleging that a public college failed to follow its own procedures is not enough to state a constitutional due process claim. *See Sung Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012 ("Park's interest in contractually-guaranteed university process is not protected by the federal Constitution."). If Gateway did not follow its own procedures, that may have been unfair, but it was not unconstitutional. *Charleston*, 741 F.3d at 774.

Rather, a claim such as Oleksak's must start with an alleged property interest. Oleksak does not specifically identify the property interest of which Gateway allegedly deprived him. At best, Oleksak may be implying that he had a property interest in his continued education at Gateway. However, a student does not have "a stand-alone property interest in an education at a state university[.]" *Charleston*, 741 F.3d at 772. Rather, a plaintiff must be able to point to "a *legally protected entitlement* to his continued education," such as "an express or implied contract with the" college. *Id.* at 773. (emphasis in original). It is not enough to allege merely that such a contract existed. *Id.* The plaintiff must point to the exact promises the college made and those he made in return. *Id.; see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009).

The only plausibly relevant portion of Oleksak's complaint is the following paragraph:

> The defendant violated its own rules and regulations under the student 2018 – 2019 handbook "Student Rights and Responsibilities" in that the plaintiff did have a right to be represented at that hearing as is stated at page 64 of the Student Handbook under subject: Discipline Step 4. The vice president/provost deprived him of that right. The student was never given notification of any of the charges against him prior to the original hearing. The plaintiff was not given proper notice of the hearing on June 4, 2019, and the defendant even ignored the plaintiff's attorney so as to effectuate the deprivation of legal counsel representing the plaintiff.

(ECF No. 1-1 at 4, ¶ 4.)

Accepting for purposes of the motion to dismiss that the handbook amounted to a contract, *see Bissessur*, 581 F.3d at 602, the only breach Oleksak alleges is in the procedures Gateway followed. That is not enough to state a due process claim. *See Sung Park*, 692 F.3d at 832 (affirming dismissal where plaintiff student "complain[ed] only about the deprivation of her 'right' to receive notice of the charges against her, her 'right' to prior notice of adverse witness statements, and her 'right' to cross-examine those witnesses at university hearings"). Having failed to identify a property interest of which he was allegedly deprived, Oleksak has failed to state a federal due process claim.

However, because leave to amend should be freely granted when justice so requires, Fed. R. Civ. Pro. 15(a)(2), the court will give Oleksak the opportunity to file an amended complaint whereby he may again attempt state a federal due process claim. He

has not yet amended his complaint, and it is not clear that any amendment would be futile, *see Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

**4.2. State Law Claim**

The plaintiff's § 1983 claim was the sole basis for this court's subject matter jurisdiction. Without this federal claim, the court may decline to exercise supplemental jurisdiction over any remaining claims and remand it to state court. 28 U.S.C. § 1367(c)(3). In fact, it is "the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

Given the nature of the plaintiff's state law claim and the questions raised in the defendant's motion to dismiss that claim, it appears prudent for the court to decline to exercise supplemental jurisdiction. Therefore, the court defers resolution of Gateway's motion to dismiss Oleksak's state law claim. The motion is terminated for administrative purposes. If Oleksak files an amended complaint in this court, Gateway shall file either a renewed motion to dismiss the § 1983 claim or notice that it will not be seeking to dismiss the § 1983 claim. The court will then consider Gateway's pending motion to dismiss Oleksak's state law claim. If Oleksak does not file an amended complaint, the court will remand the case, and the state court may consider the pending motion to dismiss Oleksak's state law claim.

**IT IS THEREFORE ORDERED** that Gateway's motion to dismiss (ECF No. 14) is **GRANTED** as to his federal law claim. The court defers ruling on Gatway's motion to dismiss Oleksak's state law claim. Oleksak shall file an amended complaint no later than 14 days after the date of this order. If Oleksak fails to file an amended complaint within 14 days of this order, the court will remand this action to Kenosha County Circuit Court.

Dated at Milwaukee, Wisconsin this 26th day of November, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge